IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLEOTHER TIDWELL, #N41754,<br><br>        Plaintiff,<br><br>v.<br><br>MOHAMMED SIDDIQUI, QUIANDRAANEICE MORRISON, MARYANN MERIDITH, ANGELA CRAIN, and WEXFORD HEALTH SERVICE, INC.<br><br>        Defendants. | Case No. 21-cv-00760-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a notice of removal filed by Defendants Siddiqui and Morrison. For the reasons set forth below, the case is remanded back to state court.

### BACKGROUND

Plaintiff Cleother Tidwell, an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center originally filed this Complaint in the Circuit Court for the Twentieth Judicial Circuit, Randolph County, in the State of Illinois. In his Complaint, Tidwell alleges that Defendants forced him to take psychotropic medications against his will in violation of Illinois state law and the Federal Constitution. (Doc. 1-2). On June 30, 2021, Defendants Siddiqui and Morrison "with the consent of Co-Defendants Meredith, Crain, and Wexford Health Sources, Inc.," removed the case to this Court pursuant to 28 U.S.C. §§ 1331, 1441, 1443, and 1446, asserting that the Court has original jurisdiction of Tidwell's claims involving constitutional issues under the Fourteenth Amendment and Equal Protection Clause of the United States Constitution. (Doc. 1, p. 2).

Cleother Tidwell is a restricted filer. He has been sanctioned by the Court with a monetary fine and barred from filing any papers in any civil litigation in this District, regardless of when the case was filed, and from pursuing new civil litigation in this District until the sanction is paid. *See Tidwell v. Menard C.C.*, No. 16-cv-384-SMY (S.D. Ill. Aug. 10, 2017, Doc. 43, 109).[1] *See also Tidwell v. Cunningham*, No. 18-cv-1448-SMY (S.D. Ill. Sept. 18, 2018, Doc. 9)[2] (imposing additional sanctions for attempts to avoid the filing ban by filing cases in districts with no connection to claims or litigants involved in the case). Despite these filing restrictions, Defendants retain the right to remove the lawsuit from state to federal court. *See In re Matter of Skupniewitz*, 73 F.3d 702, 705 (7th Cir. 1996) (sanction against plaintiff that prohibited filing complaints or motions did not prevent defendants from removing the action to federal court). The Court allowed Tidwell to file a response to the notice of removal but advised him that all other papers would be returned in accordance with the filing ban. (Doc. 12). *See also Id.* at 706; *Von Flowers v. Canziani,* No. 04-C-892-C, 2004 WL 2810088 (W.D. Wisc. 2004) (denying motion to dismiss the complaint filed by a restricted filer after it had been removed to federal court); *Tidwell v. Donaby,* No. 20-00918-NJR (S.D. Ill. Sept. 16, 2020, Doc. 9, Objection filed by Tidwell). Tidwell filed responses on July 7 and July 8, 2021. (Doc.14, 15).

In his responses, Tidwell objects to the removal arguing that Randolph County Circuit Court has jurisdiction to hear "'federal claims' of prisoners." (Doc. 14, p. 2). He also objects to the "ex parte communication" between Attorney Wallis, defense counsel for Defendants Siddiqui and Morrison, and the unknown attorney for Defendants Meridith and Crain, who has not entered

---

[1] Tidwell appealed the filing ban. *See Tidwell v. Clendenin,* Appellate Case No. 17-3020 ("Appellate Case"). But the Seventh Circuit denied Tidwell's Motion for Leave to Appeal *in forma pauperis*, finding Tidwell failed to identify "a good faith issue that the district court erred in denying [Tidwell's] motions and imposing sanctions and a filing ban." (Appellate Case, Doc. 17). Subsequently, on January 10, 2018, the appeal was dismissed for failure to pay the filing fee. (Appellate Case, Doc. 20).

[2] Tidwell appealed the closing of his case and additional sanction, *Id.* at Doc. 10, but later voluntarily dismissed the appeal. *See Tidwell v. Cunningham*, Appellate Case No. 18-3079 (Docs. 4-5).

an appearance in this case. (*Id.* at p. 3). Tidwell argues because an attorney has not entered an appearance it is not clear who consented to the removal of this matter on the behalf of Defendants Crain and Meridith. (*Id.*). Finally, Tidwell seeks to amend his complaint by removing the federal law claims and have the case removed back to state court. (*Id.* at p. 2). He argues once amended, then only the state claims remain and the state court will solely have jurisdiction of this case. Defendants did not file a reply to Tidwell's responses or objections.

## DISCUSSION

In previous cases that were filed by Tidwell in state court and removed to this District, the Court determined that the cases were properly removed but found that Tidwell was attempting to avoid the filing ban by filing in state Court and administratively closed the cases. *See Tidwell v. Siddiqui,* No. 20-cv-01064-SPM, 2020 WL 7388468 (S.D. Ill. Dec. 16, 2020); *Tidwell v. Donaby,* No. 20-00918-NJR (S.D. Ill. Sept. 10, 2020). Here, however, it appears that Tidwell is not attempting to circumvent the filing ban and wants to remain in state court. He argues against removal stating that the state court has jurisdiction to hear federal claims and requesting to remove his federal claims from the Complaint so that he can continue litigating in state court. Furthermore, the Court construes Tidwell's response liberally and finds that he has raised an objection to the notice of removal based on all Defendants failure to unanimously consent to removal, and the Court agrees with his objection. (*See* Doc. 14, p. 3).

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing where such action is pending." After receipt of the complaint, a defendant has thirty days to file a notice of removal. 28 U.S.C. §1446(b)(1). Valid removal requires the consent of all defendants, unless they were not properly served at the time of removal. 28 U.S.C. § 1446(b)(2)(A). *See also Phoenix*

*Container, L.P. v. Sokoloff,* 235 F. 3d 352, 353 (7th Cir. 2000) (noting that joining in the notice is "an essential step"). The failure of even one served defendant to timely consent to removal in writing renders a notice of removal procedurally defective and subject to remand. *N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982); *Gossmeyer v. McDonald,* 128 F. 3d 481, 489 (7th Cir. 1997) ("[a] petition for removal is deficient if not all defendants join in it"). "A plaintiff has a right to remand if the defendant did not take the right steps when removing." *Matter of Cont'l Cas. Co.,* 29 F. 3d 292, 294 (7th Cir. 1994) (discussing non-jurisdictional objections to removal). Thus, a plaintiff "objecting to removal on the basis of any defect in removal procedure, may, within 30 days, file a motion asking the district court to remand the case to state court." *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 69 (1996) (internal citations and quotation omitted); 28 U.S.C. § 1447(c). If the plaintiff fails to file an objection within the thirty day deadline, the procedural defect is waived. *Cont'l Cas.* 29 F. 3d at 294 (procedural defects in removal may be waived or forfeited); 28 U.S.C. § 1447(c). Any attempts on the part of a defendant to cure a procedural defect must be made within 30 day time limit for removal. *See Macri v. M&M Contractors, Inc.,* 897 F. Supp. 381, 383-84 (N.D. Ind. 1995) (citing *Rothner v. City of Chi.,* 879 F. 2d 1402, 1412 n. 10 (7th Cir. 1989)). "[A] written consent filed beyond that time is too late." *Miller v. Fed. Intern., Inc.,* No. 09-cv-105-JPG, 2009 WL 535945, at *1 (S.D. Ill. Mar. 4, 2009).

      Defendants Siddiqui, Morrison, Meridith, and Crain were successful served on June 21, 2021. *Tidwell v. Morrison,* Case No. 2021MR39 (20th Judicial Circuit) (Doc. June 21, 2021). Only Defendants Siddiqui and Morrison timely filed and signed a notice for removal. The notice of removal states that "Co-Defendants, Mary Ann Meredith, Angela Crain, and Wexford Health Services, Inc. (which has not been served), have communicated to the undersigned that they do not object to the removal of this matter to this court." (Doc.1, p. 2). However, "it is not enough for the removing defendants to say in their notice simply that all the other defendants do not object to

removal." *Miller*, 2009 WL 535945, at *1 (citations omitted). Seventh Circuit precedent requires that all defendants must consent to removal in writing. *See Gossmeyer,* 128 F.3d at 489 ("all served defendants. . . have to support the petition in writing, i.e., sign it"); *Roe v. O'Donohue,* 38 F.3d 298, 301 (7th Cir. 1994) ("[t]o 'join' a motion is to support it in writing."). *See also Shedelbower v. Brinkman,* No. 08-cv-602, 2008 WL 4602469, at *1 (S.D. Ill. Oct. 16, 2008) (finding that the statement "[d]efendants agree and consent to removal of this action" without the inclusion of a written consent by a defendant rendered the notice defective); *Benson v. LVNV Funding, LLC,* No. 11-1096-GPM-PMF, 2012 WL 699632, at *2 (S.D. Ill. Mar. 1, 2012) (ruling that a representation to the Court that the non-removing defendants consented to the removal "fails to comply with the Seventh Circuit's interpretation of the removal statues" but finding that defendants cured the procedural defect by filing a written consent 4 days after motion to remand); *Morgan v. Town of Georgetown,* No. 21-cv-00059-TWO-DML, 2021 WL 2801351, at *5 (S.D. Ind. July 6, 2021) (requiring "a non-removing party's express written consent"). Each Defendant has not provided consent in writing, and thus, the notice of removal does not meet the consent requirement of Section 1446.

While a few district courts in this Circuit have taken a more lenient approach on what satisfies the requirement of full consent, in these other cases, the defendants provided other means in the record demonstrating that all defendants had joined in or consented to the removal of the action. *See Samori v. Ralphs Grocer Co.*, 2021 WL 1212798, at *4 (N.D. Ill. Mar. 31, 2021) (finding that defendants had consented because the notice stated all defendants were acting "by and through *their* counsel"); *Coulas Viking Partners v. Belt Ry. Co. of Chi., No*. 16-cv-3583, 2016 WL 3907053, at *1, *2 (N.D. Ill. July 19, 2016) (allowing Defendant Belt Railway to cure the procedural defect by filing a written consent 32 days after the case was removed, where the notice of removal had stated Belt Railway consented and Belt Railway previously adopted in a motion

for judgment on the pleadings).

These circumstances do not exist in this case. Other than a statement made by Defendants Morrison and Siddqui that no objection to removal has been made by Co-Defendants, there is no evidence in the record that Defendants Meridith and Crain have consented to removal or gave Defense Counsel for Morrison and Siddqui authority to consent on their behalf. Defendants Meridith and Crain did not sign the notice of removal, no affidavit has been filed, and an attorney has not entered an appearance on their behalf. They also have not joined the motion for a HIPAA qualified protective order filed by Defendants Morrison and Siddiqui, filed an answer to the Complaint, and or filed a reply to Tidwell's response. Furthermore, they have not attempted to cure the procedural defect by timely filing a separate consent with the Court, and the deadline to do so has now expired. *See Schuetter v. Esker,* 2019 WL 3173822, at *2 (S.D. Ill. Nov. 20, 2019) ("removing defendant must obtain other defendants' consents within the 30-day removal period" (citing *Compassionate Pain Mgmt., LLC v. Frontier Payments, LLC,* No. 17 C 5568, 2017 WL 4423409, at *3 (N.D. Ill. Oct. 4, 2017))); *Riddle v. Ryan,* No. 19-cv-01263-RLY-TAB, 2019 WL 6481253, at *2 (S.D. Ind. June 7, 2019) ("it is well settled that …any defect must be cured within the 30-day deadline imposed by § 1446(b)") (citations omitted).

Each Defendant did not join in or consent to the removal in writing, and any doubts regarding removal are resolved in favor of the plaintiff's choice of forum in state court. *See Morgan,* 2021 WL 2801351, at *3 ("[I]f all served defendants do not consent to removal within the thirty-day period, the district court shall remand the case." (quoting *Am.'s Mort. Banc, Inc. v. XEZ, Inc.,* No. 06 C 4670, 2006 WL 3754986, at *2 (N.D. Ill. Dec. 18, 2006))). Thus, the Court finds that the notice of removal is procedurally defective and remand is appropriate.

## DISPOSITION

For the reasons stated, the request for remand (Doc. 14) filed by Tidwell is **GRANTED**

and this case is **REMANDED** to the Twentieth Judicial Circuit, Randolph County, Illinois. The Clerk of Court is **DIRECTED** to mail a certified copy of this Order of Remand to the Randolph County Clerk of Court and close this case. *See* 28 U.S.C. § 1447.

    **IT IS SO ORDERED.**

    **DATED:** August 3, 2021

                                                      *s/Stephen P. McGlynn*
                                                   **STEPHEN P. MCGLYNN**
                                                   **United States District Judge**